

# IN THE
# TENTH COURT OF APPEALS

---

## No. 10-16-00401-CR

## EX PARTE HERIBERTO JACQUEZ

---

**From the 249th District Court
Johnson County, Texas
Trial Court No. F46719A**

---

## MEMORANDUM OPINION

---

Heriberto Jacquez appeals from the denial of a writ of habeas corpus filed pursuant to Code of Criminal Procedure article 11.072. TEX. CODE CRIM. PROC. ANN. art. 11.072 (West 2015). Jacquez complains that he was denied due process of law because the file-mark stamp on the State's response and the judgment denying the writ of habeas corpus and the trial court's findings of fact and conclusions of law were filed with the trial court clerk approximately one minute apart. Because of the time shown by the file marks, Jacquez argues that there were improper *ex parte* communications between the State and the trial court which deprived him of an impartial determination of his writ of habeas corpus. Jacquez filed a motion for new trial but did not attach any supporting

evidence. The trial court judge recused himself from "all remaining proceedings." A new judge was appointed, and that judge conducted a hearing on the motion for new trial, and denied the motion based on the motion and arguments of counsel only. No reporter's record was requested from this hearing if one was made. *See* TEX. R. APP. P. 31.1 (reporter's record to be prepared if requested by the appellant).

An appellate court will not address the merits of an issue on direct appeal if there is no evidence on the record regarding the claim. "[M]ere assertions in a brief not supported by evidence in the record will not be considered on appeal." *Franklin v. State*, 693 S.W.2d 420, 431 (Tex. Crim. App. 1985); *Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004). The time on the file-mark stamps establish that an individual presented them to the court clerk for filing at those times. Even if the pleadings were properly before the trial court as evidence, the time stamps, standing alone, are no evidence to establish that any communication, proper or improper, between the trial court and the State took place prior to the trial court signing the order and the findings of fact and conclusions of law.

While Jacquez did file a motion for new trial, he did not attach any supporting evidence. Moreover, at the motion for new trial hearing before the appointed judge, the record before this Court does not indicate that he attempted to introduce any evidence or call any witnesses to testify regarding any alleged improper *ex parte* communications or explain how the documents were filed so close together in time. Without this, the record

is insufficient to establish that a due process violation occurred.  We overrule Jacquez's sole issue.[1]

Because we find no reversible error, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed April 19, 2017
Do not publish
[CR25]



---

[1] Jacquez does not complain of the trial court's denial of the writ of habeas corpus based on the merits of the petition in this appeal.  Although addressed in the State's reply brief, because the merits of the ruling are not properly before us, we do not address them.